The Honorable W. Kent Ingram, Jr. State Senator P.O. Box 369 West Memphis, AR 72301
Dear Senator Ingram:
This is in response to your request for an opinion on how an Arkansas citizen who finds valuable artifacts in the bed of the Mississippi River perfects his interest in the property. It appears that the applicable law is the "Abandoned Shipwreck Act of 1987", codified at 43 U.S.C. § 2101, et seq. The act preempts any state salvage laws and eventually vests title to the property, if covered by the act, in the state in which it was found.
The act applies to three types of "abandoned shipwrecks". (Shipwreck is defined as a "vessel or wreck, its cargo, and other contents.") These are: 1) Those shipwrecks embedded in submerged lands of a state; 2) embedded in coralline formations protected by a state on submerged lands of a state; or 3) on submerged lands of a state and included or determined eligible for inclusion in the National Register. "Embedded" is defined as so firmly affixed as to require the use of tools of excavation. "Submerged lands" are defined as "lands beneath navigable waters" as defined in the Submerged Lands Act, 43 U.S.C. § 1301.
Thus, if the "artifacts" about which you inquire can be classified under the definition of an "abandoned shipwreck" covered by the provisions of the Abandoned Shipwreck Act of 1987, title will vest in the State of Arkansas if found in or on Arkansas land. If for some reason, on the facts you are particularly concerned with, the federal act does not apply, then the Arkansas Salvage provisions found in A.C.A. 27-102-101, et seq. are not superseded, and govern. That chapter's primary purpose is to provide for the payment of a salvage fee by the owner to the finder. In the case of artifacts, however, it is unlikely a present owner exists. The chapter does provide for vesting of ownership in the finder, after he complies with several conditions set out in the act. These include the immediate filing of an affidavit with the justice of the peace, advertisement of the find within twenty days thereafter, and the passing of a one year period with no claim by the owner. A.C.A. 27-102-104, 105 and 109. If all of the provisions of the chapter are complied with, ownership should vest after the passage of the one year period.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.